THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RONDEVOO TECHNOLOGIES, LLC,<br><br>                Plaintiff,<br><br>   v.<br><br>HTC AMERICA, INC.,<br><br>                Defendant. | No. 2:18-CV-01625-TSZ<br><br>**AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND ORDER** |

    The parties hereby stipulate to the following provisions regarding the discovery of electronically stored information ("ESI") in this matter:

**A. GENERAL PRINCIPLES**

    An attorney's zealous representation of a client is not compromised by conducting discovery in a cooperative manner. The failure of counsel or the parties to ligation to cooperate in facilitating and reasonably limiting discovery requests and responses raises litigation costs and contributes to the risk of sanctions.

    The proportionality standard set forth in Fed. R. Civ. P. 26(b)(1) must be applied in each case when formulating a discovery plan. To further the application of the proportionality

AGREEMENT REGARDING DISCOVERY OF ESI
AND ORDER – 1
(No. 2:18-CV-01625-TSZ)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

143461148.1

standard in discovery, requests for production of ESI and related response should be reasonably targeted, clear, and as specific as possible.

**B. LIAISON**

The parties have identified liaisons to each other who are and will be knowledgeable about and responsible for discussing their respective ESI. Each e-discovery liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter. The parties will rely on the liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

**C. PRESERVATION**

The parties acknowledge that they have a common law obligation to take reasonable and proportional steps to preserve discoverable information in the party's possession, custody or control. With respect to preservation of ESI, the parties agree as follows:

1. Absent a showing of good cause by the requesting party, the parties shall not be required to modify the procedures used by them in the ordinary course of business to back-up and archive data; provided, however, that the parties shall preserve all discoverable ESI in their possession, custody or control.

2. All parties shall supplement their disclosures in accordance with Rule 26(e) with discoverable ESI responsible to a particular discovery request or mandatory disclosure where that data is created after a disclosure or response is made (unless excluded under (C)(3) below or any applicable privilege standard).

3. Absent a showing of good cause by the requesting party, the following categories of ESI need not be preserved:

    a. Deleted, slack, fragmented, or other data only accessible by forensics.

    b. Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.

AGREEMENT REGARDING DISCOVERY OF ESI
AND ORDER – 2
(No. 2:18-cv-01625-TSZ)

143461148.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

c. On-line access data such as temporary internet files, history, cache, cookies, and the like.
   d. Data in metadata fields that are frequently updated automatically, such as last-opened dates.
   e. Back-up data that are substantially duplicative of data that are more accessible elsewhere.
   f. Server, system or network logs.
   g. Data remaining from systems no longer in use that is unintelligible on the systems in use.
   h. Voicemails, Slack, or chat transmissions.
   i. Electronic data (e.g. email, voicemails, calendars, contact data, text messages, and notes) stored on mobile devices (e.g., iPhone, iPad, Android, and Blackberry devices).
4. Only ESI created or received during a certain time period will be preserved. The parties will confer regarding this time period.
5. The parties also agree to a phasing plan under which documents preserved may be released from preservation obligations after certain deadlines have passed:
   i. Below, the parties agree that email and other individual communications, and records stored with email and individual communications (e.g. attachments) need not be searched.
   ii. The parties also agree that all remaining data sources may be released from preservation obligations after the close of discovery. The parties also reserve the right to identify further categories of documents that are unduly burdensome to collect and/or produce.
6. Non-forensic collection methods may be employed as long as the metadata required below to accompany the production is maintained.

AGREEMENT REGARDING DISCOVERY OF ESI
AND ORDER – 3
(No. 2:18-cv-01625-TSZ)

143461148.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**D. SEARCH**

The parties have agreed to exchange technical documentation. Email discovery shall only be searched and subject to discovery upon a showing of good cause.

**E. PRODUCTION FORMATS**

The parties agree to produce documents in either native or 300 dpi single page searchable TIFF images, with appropriate accompanying Concordance load files. The Concordance load files will contain extracted or OCR text, the custodian of the document, the Bates number of the document, an indication of whether the document is redacted, and an indication of confidentiality designation. General ESI production requests shall not include metadata absent a showing of good cause. For other electronic documents, the creation date, author, last modified date, and filename with extension shall generally be included. If particular documents warrant a different format, such as for voluminous spreadsheets, the parties will cooperate to arrange for the mutually acceptable production of such documents. The parties agree not to degrade the searchability of documents as part of the document production process.

**F. PHASING**

When a party propounds discovery requests pursuant to Fed. R. Civ. P. 34, the parties agree to phase the production of ESI, as explained below:

1. Collection and production of ESI relating to technical documentation.
2. Collection and production by custodians of ESI in the form of custodial documents and materials, excluding emails.

**G. DOCUMENTS PROTECTED FROM DISCOVERY**

1. Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-

AGREEMENT REGARDING DISCOVERY OF ESI
AND ORDER – 4
(No. 2:18-cv-01625-TSZ)

143461148.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding.

2. Communications involving trial counsel that post-date the filing of the complaint need not be placed on a privilege log. Communications may be identified on a privilege log by category, rather than individually, if appropriate.

3. The parties will confer at a later date regarding privilege logs.

**H. MODIFICATION**

This Stipulated Order may be modified by a Stipulated Motion and Proposed Order of the parties or by the Court upon motion or sua sponte.

Dated:   March 14, 2019

Respectfully submitted,

/s/  Nicholas Ranallo
Nicholas Ranallo, Attorney at Law
2443 Fillmore St., #380-7508
San Francisco, CA 94115-1814
nick@ranallolawoffice.com
P: (831) 607-9229
F: (831) 533-5073

/s/  Isaac Rabicoff
Isaac Rabicoff
Kenneth Matuszewski
RABICOFF LAW LLC
73 W Monroe St
Chicago, IL 60603
773-669-4590
isaac@rabilaw.com
kenneth@rabilaw.com

***Counsel for Plaintiff, Rondevoo Technologies, LLC***

*/s/*Ryan McBrayer
Ryan McBrayer
Perkins Coie LLP
1201 Third Avenue
Suite 4900

AGREEMENT REGARDING DISCOVERY OF ESI
AND ORDER – 5
(No. 2:18-cv-01625-TSZ)

143461148.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Seattle Washington 98101
RMcBrayer@perkinscoie.com
*Counsel for Defendant*, *HTC America, Inc.*

**ORDER**

Based on the foregoing, IT IS SO ORDERED.

DATED: April 8, 2019.

*[signature: Thomas S. Zilly]*

Thomas S. Zilly
United States District Judge

AGREEMENT REGARDING DISCOVERY OF ESI
AND ORDER – 6
(No. 2:18-cv-01625-TSZ)

143461148.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000